■ In the Matter of the Arbitration between GRINNELL CORPORATION, Appellant, and AUTOMATIC FIRE ALARM COMPANY, Respondent.— Order, entered on November 28, 1969, denying petitioner's motion for an order directing arbitration and enjoining respondent from commencing or prosecuting any proceeding inconsistent with arbitration, and which granted respondent's cross motion to stay arbitration pending the termination of a Federal court action, reversed on the law, with $30 costs and disbursements to petitioner-appellant, stay vacated and the parties are directed to proceed to arbitration. The provision for arbitration is contained in a Commutation Agreement entered into between the Grinnell Corporation and the Automatic Fire Alarm Company (AFA). A virtually identical agreement was entered into between Grinnell and American District Telegraph Company (ADT). Both agreements were the result of protracted Federal antitrust litigation against Grinnell, ADT, AFA and Holmes Protective Company. This court has only recently directed that arbitration proceed under the Grinnell-ADT Commutation Agreement (Matter of Grinnell Corp. [American Dist. Tel. Co.], 32 A D 2d 901). The court is now being called upon, in effect, to reverse its previous position and affirm an order staying arbitration sought under a substantially identical agreement entered into under similar circumstances. In its decision of Matter of Grinnell Corp. (American Dist. Tel. Co.) (supra) this court said: "The circumstances leading up to and surrounding the making of this agreement * * * fully eliminate the need for any further showing of fairness and validity of the challenged agreement." No new or compelling factual demonstration has been presented which would warrant a contrary holding in the case at bar. The Commutation Agreement was based upon an earlier agreement between the parties known as Device Sales Agreement. This latter agreement provided that: "Any controversy or claim arising out of or relating to this agreement or the breach thereof, including without limiting the foregoing generality any controversy as to its meaning, interpretation or application shall be settled by arbitration in the State of New York in accordance with the rules of the American Arbitration Association". Paragraph VI(B) of the judgment in the antitrust litigation, already referred to, provided as follows:

"If they have not already done so by the date of entry of this Judgment, Grinnell, ADT and AFA are ordered to cancel the Device Sale Agreements between them dated February 18, 1954; *provided however, that nothing contained herein shall be deemed to prohibit the parties from agreeing to commute payments thereunder to a definite dollar amount, payable in installments at the option of the parties*". (Emphasis supplied.) The final judgment in the government action did not declare the invalidity of the Device Sales Agreement, but it required its termination. In no way did it excuse AFA from any obligation which it had under the Device Sales Agreement to pay for whatever use it had made of Grinnell's devices. On the contrary, the judgment impliedly recognized that Grinnell could well have claims under said agreement and it specifically declared that the parties had the right to commute payments under the Device Sales Agreement to a definite dollar amount. Accordingly, the parties entered into the Commutation Agreement, which, amongst other things, provided: " 3. Unless the ' definite dollar amount ' referred to above has been agreed upon by negotiation between the parties after divestiture of Grinnnell's interest in AFA but not later than September 1, 1968 * * * such amount shall be determined by arbitration in New York pursuant to the laws of New York". It clearly appears from the record that the parties failed to agree on a definite dollar amount and, hence, it follows that they must arbitrate under the provisions of paragraph 3, above quoted, as determined by this court in *Matter of Grinnell (American Dist. Tel. Co.) (supra)*. Of course, arbitration is to be limited strictly to a determination by the arbitrators of what the dollar amount should be. It is also well to note that an earlier action was brought against Grinnell Corporation and AFA by a stockholder of AFA, in the Court of Chancery, in Delaware, to invalidate the Device Sales Agreement on the ground that it was unfair and contrary to the interests of AFA and its stockholders. (*Leibert* v. *Grinnell Corp.*, 41 Del. Ch. 340.) It was there held by the Delaware court that the agreement under attack was fair, and the relief demanded by plaintiff in that action was denied. We also should note that, following the antitrust decree of the Federal court, the Boards of Directors of the companies involved were reconstituted so that they had no common directors and were entirely independent of each other. AFA did not assert its claim of unfairness until 1969. At no time during the intervening period did AFA ever raise any claim of invalidity. In fact, its actions negate such a claim. AFA sought and obtained from Grinnell the benefit of several extensions of time fixed in the Commutation Agreement, without claiming unfairness or invalidity. Following the decision of Special Term in the *Grinnel-ADT* matter (*supra*) on February 14, 1969, and while the appeal therefrom was pending in this court, AFA filed its rescission action against Grinnell in the Federal court in April, 1969. The inescapable inference to be drawn is that AFA brought its action in the Federal court in order to avoid or circumvent Special Term's directive in the *Grinnell-ADT* matter. After the proceeding was commenced AFA filed a petition for removal thereof to the Federal court. That petition was dismissed and the matter was remanded to the Supreme Court, New York County. Concur — Stevens, P. J., Capozzoli, Markewich and Steuer, JJ.; Eager, J., dissents in the following memorandum: The determination of the majority has the effect of deciding in petitioner's favor the issues which it raised in its answer in the pending action in the United States District Court. Such determination here is *res judicata* as to the validity of the commutation agreement containing the arbitration clause and such result has now been accomplished without even affording the respondent the opportunity of a hearing. The Federal court action was commenced by respondent on April 25, 1969. On the basis of the allegations of fact establishing the invalidity of

the commutation agreement (designated in the complaint therein as the "Cancellation agreement"), the complaint prayed for the rescission of such agreement. The petitioner, as defendant in said Federal court action, obtained extensions of time to answer and served its answer on July 3, 1969, denying material allegations of the complaint and setting forth certain alleged defenses. The answer also contained a counterclaim alleging that the parties had agreed that the matters in controversy should be submitted to arbitration and the defendant, by its answer requested, *inter alia,* that "a judgment be entered directing plaintiff to proceed to arbitration". Thus the issues which the petitioner raised in its answer in the Federal court action and the relief it sought therein, were presented by it for litigation in this proceeding which, as a matter of coincidence, was instituted on the same day petitioner interposed its answer in the Federal action. If, as petitioner contends, it is entitled to a matter of law determination on the validity of the commutation agreement, orderly procedure suggests that its remedy was to move for summary judgment in the Federal court action rather than to invoke the jurisdiction of another forum. Certainly, there is no showing by the petitioner that it will be unable to obtain proper relief in the prior action. In any event, the majority, in my opinion, has no right to summarily dispose of the disputed issues disclosed by the present record. Such disposition is not supported by the determination of this court in *Matter of Grinnell Corp. (American Dist. Tel. Co.)* (32 A D 2d 901). That decision was based on a different record and concerned a controversy between Grinnell (petitioner here) and a different party. The commutation agreement was approved over the objections of the independent members of respondent's board of directors and the record clearly reveals the existence of issues of fact bearing upon the question of the good faith of this dominated board in the transaction, and upon the question of the fairness of the agreement. Furthermore, by reason of ambiguity in the agreement, issues of fact are presented as to the scope of the arbitration intended by the parties and the extent of the arbitrator's powers. Inasmuch as the Federal decree in the prior civil antitrust action contemplated that the parties should agree as to the "definite dollar amount" to be paid on the cancellation of the Device Sale Agreement, we may assume that it was intended that the parties would arrive at a fair and reasonable figure in light of all relevant factors. Agreement on a figure presupposes a figure acceptable to both parties and consequently a fair figure. Incidentally, counsel in an opinion letter discussed the commutation agreement as fixing "some * * * form of payment for ADT's [respondent] keeping the devices" other than that provided for in the Device Sale Agreement and indicated that the agreement contemplated the fixing of a "commuted fair value" of the future payments. If the fixing of a fair figure was the intent of the Federal decree and of the parties in negotiating a commutation agreement, it is difficult to believe that they intended that the arbitrator nonetheless should be limited to the ministerial function of mathematically computing the actuarial dollar value payable to Grinnell had the Device Sale Agreement not been canceled by the Federal court (which computation would apparently produce a grossly unfair result). Thus, the question arises, in construing the agreement in light of extrinsic circumstances, whether the arbitrators should be held to have powers broad enough to fix a fair dollar amount payable by respondent upon consideration of such factors as the present fair value of the devices and the cancellation of Grinnell's (petitioner's) obligations under the Device Sale Agreement. The existence of the issues disclosed by the record precludes a determination without a hearing. Although CPLR 7503 (subd. [a]) provides that the issues arising on an application for a stay of arbitration "shall be tried forthwith" by the court, it does not appear that the petitioner will be unduly prejudiced by the

action of Special Term. Ample authority is cited by the learned Justice for the stay granted by him (including particularly *Matter of Sun Rubber Co.* [*New York Creditmen's Adjustment Bur.*], 278 App. Div. 933,' affd. without opinion 303 N. Y. 961). The identity of issues here with those raised by the petitioner in the Federal court action is conceded, and it seems particularly fitting that the Federal court should settle the controversies arising from the transactions which resulted from its decree rendered in the antitrust litigation. As a matter of fact, it is indicated by paragraph 7 of the commutation agreement that the parties intended to submit the agreement to the Federal court for approval. It was not formally submitted and, although there is a question as to whether the Federal court would entertain an application to approve the agreement, such court has now acquired jurisdiction in the matter and no good reason exists for a pre-emption of such jurisdiction by this court. I would affirm the order rendered at Special Term. The effect of the order is merely to grant a temporary stay of arbitration pending the determination of the Federal court action and if there is an undue delay in the prosecution of such action, the petitioner may move for a lifting of the stay.